Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:        (619) 233-7770
Office Fax Number:    (619) 297-1022

Attorneys for Gregory Montegna

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY MONTEGNA,** | **CASE NO:** '14CV2906 AJB BLM |
| **PLAINTIFF,** | **COMPLAINT FOR DAMAGES** |
| **V.** | **JURY TRIAL DEMANDED** |
| **NORTHLAND GROUP, INC.,** | |
| **DEFENDANT.** | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1   collection practices are not competitively disadvantaged, and to promote

2   consistent State action to protect consumers against debt collection abuses.

3   2.   The California legislature has determined that the banking and credit system

4   and grantors of credit to consumers are dependent upon the collection of just

5   and owing debts and that unfair or deceptive collection practices undermine

6   the public confidence that is essential to the continued functioning of the

7   banking and credit system and sound extensions of credit to consumers. The

8   Legislature has further determined that there is a need to ensure that debt

9   collectors exercise this responsibility with fairness, honesty and due regard

10   for the debtor's rights and that debt collectors must be prohibited from

11   engaging in unfair or deceptive acts or practices.

12   3.   Gregory Montegna, (Plaintiff), through Plaintiff's attorneys, brings this action

13   to challenge the actions of Northland Group, Inc., ("Defendant"), with regard

14   to attempts by Defendant to unlawfully and abusively collect a debt allegedly

15   owed by Plaintiff, and this conduct caused Plaintiff damages.

16   4.   Plaintiff makes these allegations on information and belief, with the exception

17   of those allegations that pertain to a plaintiff, which Plaintiff alleges on

18   personal knowledge.

19   5.   While many violations are described below with specificity, this Complaint

20   alleges violations of the statutes cited in their entirety.

21   6.   Unless otherwise stated, all the conduct engaged in by Defendant took place

22   in California.

23   7.   Any violations by Defendant were knowing, willful, and intentional, and

24   Defendant did not maintain procedures reasonably adapted to avoid any such

25   specific violation.

26   8.   Through this complaint, Plaintiff does not allege that any state court judgment

27   was entered against Plaintiff in error, and Plaintiff does not seek to reverse or

28   modify any judgment of any state court.

---

**Complaint**

## JURISDICTION AND VENUE

9.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11.   Plaintiff resides in the city of San Diego within the County of San Diego, California.

12.   Defendant regularly operates within the county of San Diego and participates in debt collection against residents in San Diego County. Here, Defendant contacted Plaintiff to collect on an alleged debt after knowing that Plaintiff was represented by counsel. Defendant's debt collection efforts are the actions that gives rise to Plaintiff's claim.

13.   At all times relevant, Defendant conducted business within the County of San Diego, the State of California.

14.   Because Defendant does business within the County of San Diego, State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

15.   Because a substantial part of the events giving rise to the claim occurred in San Diego, specifically, contacting Plaintiff who was represented by counsel in San Diego, California, venue is also proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

16.   Plaintiff is a natural person who resides in the City of San Diego, State of California.

17.   Defendant is located in the City of Edina, in the State of Minnesota.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

21. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

23. Sometime before August 23, 2014, Plaintiff is alleged to have incurred certain financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26.   Sometime thereafter, but before August 23, 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

27.   Subsequently, but before August 23, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

28.   Subsequently, but before August 23, 2014, Defendant mailed a dunning letter to Plaintiff.  A few days later, Plaintiff received that letter.

29.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31.   On August 23, 2014, Plaintiff's attorney, Jessica R. K. Dorman, wrote to Defendant at the address listed with the California Secretary of State to notify Defendant that Plaintiff was represented by counsel and that Defendant should not contact Plaintiff any further.

32.   Subsequently, on or about October 15, 2014, Defendant mailed another dunning letter to Plaintiff.  A few days later, Plaintiff received that letter.

33.   Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained

HYDE & SWIGART
Consumer Protection Attorneys

1   such attorney's name and address.   Consequently, Defendant violated 15
2   U.S.C. § 1692c(a)(2).

3   34.   Because this violated certain portions of the federal Fair Debt Collection
4   Practices Act as these portions are incorporated by reference in the Rosenthal
5   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
6   this conduct or omission violated Cal. Civ. Code § 1788.17.

7   **CAUSES OF ACTION**

8   **COUNT I**

9   **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
10   **15 U.S.C. §§ 1692 ET SEQ.**

11   35.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
12   paragraphs.

13   36.   The foregoing acts and omissions constitute numerous and multiple violations
14   of the FDCPA, including but not limited to each and every one of the above-
15   cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16   37.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to
17   any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
18   an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
19   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
20   Defendant.

21   **COUNT II**

22   **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**
23   **CAL. CIV. CODE §§ 1788-1788.32**

24   38.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
25   paragraphs.

26   39.   The foregoing acts and omissions constitute numerous and multiple violations
27   of the Rosenthal Act, including but not limited to each and every one of the
28   above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

40.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

41.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 12, 2014          By: /s/Jessica R. K. Dorman
                                 Jessica R. K. Dorman
                                 Attorneys for Plaintiff